IN RE WILL OF FOX: KANE, APPELLANT, *v.* FOX, APPELLEE.

(No. 556—Decided April 26, 1948.)

*Messrs. Young & Young,* for appellant.
*Mr. Frank J. Hiltz,* for appellee.

CARPENTER, J. This appeal on questions of law brings to this court for review a judgment of the Probate Court denying an application to probate the lost will of Alvin E. Fox.

In Ohio, the right to make a will, by whom it may be made, how it may be done and how it shall be put into effect by probate and record are all governed by statute. The substantive law of wills had its origin in

the Statute of Wills, 32 Henry VIII. Neither in England nor Ohio has it ever been controlled by the rules or principles of the common law. See *Allen* v. *Little,* 5 Ohio, 65; *Lessee of Gillis* v. *Weller,* 10 Ohio, 462.

Our procedure for the probate of a lost will appears in Section 10504-35 *et seq.,* General Code, the material sections being:

Section 10504-35. ''The Probate Court may admit to probate a last will and testament which it is satisfied was executed according to the provisions of law in force at the time of its execution, and not revoked at the death of the testator, when such original will was lost, spoliated or destroyed subsequent to the death of such testator, or after he became incapable of making a will by reason of insanity, or before the death of such testator if testator's lack of knowledge of such loss, spoliation or destruction can be proved by clear and convincing testimony, and it can not be produced in court in as full, ample and complete a manner as the court now admits to probate last wills and testaments, the originals of which are actually produced therein for probate.''

Section 10504-38. ''If upon such proof, the court is satisfied that such last will and testament was executed in the mode provided by the law in force at the time of its execution, that its contents are substantially proved, that it was unrevoked at the death of the testator, and has been lost, spoliated or destroyed since his death, or his becoming incapable as aforesaid; or before the death of the testator if his lack of knowledge of such loss, spoliation or destruction can be proved by clear and convincing testimony, such court shall find and establish the contents of such will as near as can be ascertained, and cause them and the testimony taken in the case to be recorded in such court.''

In its judgment, the trial court expressly found

present all the conditions enumerated in these sections, except as follows:

"The court further finds that there is not sufficient evidence according to the law of the state of Ohio of the existence of said will at time of testator's death, or its destruction previous to his death without his knowledge to warrant the court to probate said will."

The record is such that it cannot be seriously contended either that the will was unrevoked at its maker's death and has since been lost, or that it was proved by clear and convincing testimony that he lacked knowledge of its loss or destruction before his death.

The proponent, a stepdaughter of the decedent, contends that the will was made in performance of a part of a contract between her and Fox, by which she released to him practically all her rights in the estate of her deceased mother on condition that he will to her all his property, and that by reason thereof he lacked power to revoke it.

As this record stands, there is substantial evidence that some such contract may have been made. However, that is not a condition under which a lost will can be probated under our statute.

Whether there was such a contract, and, if so, whether there is any remedy available to the proponent by which she can enforce it, is not in this proceeding. Such cannot be done under the will statutes quoted above. The judgment of the Probate Court was correct and must be affirmed.

*Judgment affirmed.*

CONN and FESS, JJ., concur.